Jeffrey A. LeVee (State Bar No. 125863)
jlevee@Jonesday.com
Kate Wallace (State Bar No. 204447)
kwallace@jonesday.com
Rachel T. Gezerseh (State Bar No. 251299)
rgezerseh@jonesday.com
Charlotte S. Wasserstein (State Bar No. 279442)
cswasserstein@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  +1.213.489.3939
Facsimile:   +1.213.243.2539

Attorneys for Defendant
INTERNET CORPORATION FOR ASSIGNED
NAMES AND NUMBERS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DOTCONNECTAFRICA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS, a California corporation; ZA Central Registry, a South African non-profit company; DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. CV 16-00862-RGK(JCx)<br><br>Assigned for all purposes to the Honorable R. Gary Klausner<br><br>**ORDER RE JOINT STIPULATED PROTECTIVE ORDER [CHANGE MADE TO PARAGRAPH 9]** |

WHEREAS, the parties to this case, Plaintiff DotConnectAfrica Trust ("Plaintiff") and Defendants Internet Corporation for Assigned Names and Numbers ("ICANN") and ZA Central Registry "(ZACR"), (together, "Defendants"), by and through their respective attorneys of record, have stipulated to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and having considered the parties' Joint Stipulated Protective Order, and good cause appearing, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.    <u>Scope</u>

This Order shall be applicable to and govern all documents, things and information produced, furnished or created during the course of this Action, including any materials or information sought from a non-party who receives a subpoena in connection with this Action or otherwise produces materials or information in this Action.  The information protected includes but is not limited to: materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any Party to this Action. Any summary, analysis, description, compilation, notes, excerpt, copy, electronic image or database containing Confidential Material as defined below shall be subject to the terms of this Order to the same extent as the material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

This Order applies to all documents and information produced in this Action regardless of whether such document or information was produced prior to or after entry of this Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In the event that non-parties produce documents or information in connection with this Action, the production of such documents may be made subject to the provisions of this Order.  As necessary and appropriate to uphold the terms of this Order, the existence of this Order may be disclosed to any person (including any non-party served with a subpoena in this action) producing documents, tangible things, information, or testimony in this Action.

Nothing in this Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern.  Any use of Confidential Material as defined below during a court hearing or at trial shall be governed by the orders of the presiding judge.

2.     Definitions

The term "Confidential Material" shall mean material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order.

The term "Producing Party" means the Party or non-party producing or disclosing documents or information that are designated as Confidential Material under this Order.

The term "Receiving Party" shall mean the Party or Parties to whom Confidential Material is produced or otherwise disclosed.

3.     Good Cause Statement

Good cause exists because if such Confidential Material was produced without a protective order in place, then, among other things: the privacy rights of third parties protected under Constitutional, statutory, and common law principles would be violated; third parties could be exposed to embarrassment, theft, fraud, or harassment; a Producing Party could be accused of breaching a statutory, contractual, or common law duty to protect private and/or proprietary information

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

from public disclosure; and/or competitors could unfairly leverage the time, money, and expertise invested by a Producing Party to develop non-public, proprietary information (such as business and marketing plans, research, pricing and sales information, and trade secrets), and thereby irreparably injure the Producing Party in the marketplace.  Accordingly, to expedite the flow of information but also adequately protect Confidential Material, a protective order is justified.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause to protect it.

    4.   <u>Confidential Material</u>

        a.  <u>"Confidential" Information</u>:  Any Party or non-party may designate information or documents produced in this Action as "Confidential" if such Party or non-party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise protected from public disclosure.  This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal information, employment information, health information, and tax returns.

        b.  <u>"Highly Confidential – Attorneys' Eyes Only" Information</u>:  "Highly Confidential – Attorneys' Eyes Only" information, for purposes of this Order, is Confidential Material that the Producing Party determines in good faith would create a risk of serious injury that could not be avoided by less restrictive means, likely having the effect of causing

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

harm to the business of the Producing Party if disclosed including, for example and without limitation, information of a proprietary nature that might reasonably be of value to a person or entity with adverse interests to the Party or non-party holding the proprietary rights to the information, or information of a private and sensitive nature that might reasonably be of value to a person or entity with adverse interests to the Producing Party or non-party to whom the information relates.

5.    Designating Confidential Material

Any information supplied in documentary or other tangible form may be designated by the Producing Party as Confidential Material by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Where such marking of material is impossible or impractical (such as groups of documents in native form), the Producing Party shall designate in writing, at the time of its production, that the material contains Confidential Material and whether it is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Information produced by a non-party but subsequently designated as confidential by a party to the Action shall be treated as Confidential Material, and the recipients shall either mark their copies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or request that the Producing Party provide a replacement set so marked.

6.    Use of Information

All information or documents disclosed in this Action, whether or not containing Confidential Material, shall be used solely for purposes of this Action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.

///

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

7.     <u>Restrictions on the Disclosure of Highly Confidential – Attorneys'</u>
       <u>Eyes Only Information</u>

Disclosure of documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to the following entities and individuals, unless otherwise ordered by the Court or permitted in writing by the Producing Party:

a.   The Parties' counsel who are actively engaged in the Action, including their associates, clerks, paralegals, investigators, stenographic personnel, litigation support contractors, contract attorneys, and such other regular and temporary employees who assist counsel in the conduct of such Action, including employees of any firm retained to reproduce the discovery material for use in accordance with this Stipulated Protective Order;

b.   The United States District Court for the Central District of California, its Judges, law clerks, judicial assistants, clerks and stenographic personnel in connection with the Action in accordance with the terms of this Stipulated Protective Order;

c.   The individuals described below:

   i.   Any outside expert or consultant retained by counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceeding in the Action, provided each such individual has read this Stipulated Protective Order in advance of disclosure, and has agreed in writing to be bound by its terms in the form attached hereto as **Exhibit A**;

///
///
///

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

ii.   Stenographic and clerical employees associated with the individuals described in paragraph 7(c)(i), provided, however, that such employees need not execute the form attached hereto as **Exhibit A**; and

iii.   Any person who is the original source of the information, is specifically identified as an author or recipient of the document, or otherwise has knowledge of the information, provided, however, that such person need not execute the form attached hereto as **Exhibit A**.

8.   <u>Restrictions on the Disclosure of Confidential Information</u>

Disclosure of documents designated as "CONFIDENTIAL" shall be limited to the following entities and individuals, unless otherwise ordered by the Court or permitted in writing by the Producing Party:

a.   Those individuals described in Paragraph 7;

b.   The Parties, their principals, officers, directors, and employees of the Party; and

c.   Actual deposition or trial witnesses (including use in connection with the preparation of said witnesses), provided that each such individual has read this Stipulated Protective Order in advance of disclosure, and has agreed in writing to be bound by its terms in the form attached hereto as **Exhibit A.**

Proof of each written agreement provided for under paragraphs 7(c) and 8(c) shall be preserved by each of the Parties while the Action is pending and turned over to the other Parties if the Court so orders.

9.   <u>Filing of Under Seal Documents</u>

If any Party or non-party wishes to submit any Confidential Material to the Court, the person shall, unless directed by the Court to do otherwise, comply with

- 6 -

Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  If a Party or non-party's requests to maintain a submission containing Confidential Material under seal is denied as to one or more submissions, and the Party or non-party does not seek reconsideration under the applicable Local Rules or otherwise appeal the denial, then those submissions may be placed in the public record.

       10.   Procedure for Designating Deposition Testimony

In the event that any question is asked at a deposition that involves or calls for the disclosure of Confidential Material, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are permitted to receive the Confidential Material.  Testimony given at a deposition may be designated as Confidential Material by making a statement to that effect on the record.  Alternatively, within thirty (30) business days after receipt of a transcript, the parties also may designate such transcript or any portion thereof by notifying all Parties, in writing, of the specific pages and lines of the transcript which should be treated as Confidential Material.  All deposition transcripts shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" until thirty (30) business days after receipt thereof by counsel for the Parties and counsel for the witness.  The reporter for any deposition shall mark the transcript with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pages that contain testimony designated as Confidential Material during the deposition.

       11.   Use of Confidential Material at Pre-trial Hearings

This order does not govern the conditions under which Confidential Material can be used at pre-trial or trial proceedings.  The Parties, however, stipulate to provide at least seven days notice to the Producing Party of any Confidential

Material that the Receiving Party reasonably anticipates that it may use at a pre-trial hearing so that the Producing Party can take steps in advance of any such hearing to seek a separate protective order regarding the use or disclosure of such Confidential Material.

12.   Inadvertent Production of Privileged Materials

Pursuant to Fed. R. Evid. 502(d), disclosure of privileged or otherwise protected information is not waived for purposes of other actions or proceedings by inadvertent disclosure in this action.  In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the production shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing when the inadvertent production is discovered.  Within five (5) business days of receiving written notice, along with a log accurately describing such material consistent with Fed. R. Civ. P. 26(b)(5)(A), from the Producing Party that privileged or protected information has been inadvertently produced, the Receiving Party shall (a) return all such information, and all copies thereof, to the Producing Party, reviewing such information (if at all) no more than is permitted by the applicable ethical rules; (b) take all reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and (c) certify that any materials prepared by the Receiving Party incorporating such information, such as notes, memoranda, etc., have been destroyed.  If the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the Receiving Party must still comply with (a) and (b) in the preceding sentence, except that the Receiving Party may retain any notes referencing the Confidential Material insofar as such retention is permitted by the applicable ethical rules and the notes are necessary to comply with Local Rule 37.

In the event the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the parties shall comply with Local Rule 37 in resolving their dispute.  The parties agree any permissible retention of notes referencing the Confidential Material for the sole purpose of complying with Local Rule 37 shall not be grounds for arguing that the document is not privileged, work-product-protected or otherwise immune, or that any privilege, protection or immunity was waived thereby.  During the pendency of the Local Rule 37 process, the Receiving Party shall make no other use or disclosure of the subject material or the information contained therein.  If the motion is unsuccessful, the Receiving Party shall comply with subsection (c) noted above.

13.    Inadvertent Failure to Designate

Inadvertent failure to designate any material or information as Confidential Material pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection and may be remedied by supplemental written notice.  If such notice is given, all information so designated shall be fully subject to this Order as if it had been initially designated as Confidential Material.  After any designation is made in accordance with this paragraph, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently undesignated documents and for the substitution, where appropriate, of properly labeled copies.

14.    Purpose of Order

Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any Party or other subscriber to this Order; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any Party or other subscriber, or the absence of such obligation.

///

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

15.     Challenges to Confidentiality Designation

If the Receiving Party disagrees with the confidentiality designation by the Producing Party, then the parties shall comply with Local Rule 37 in resolving the dispute.  Pending a determination by the Court, such information shall be treated by all parties as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Order.

16.     Subpoenas

If Confidential Material in the possession, custody, or control of any Receiving Party subject to this Order is sought by subpoena, motion, or other form of discovery request or compulsory process, the Receiving Party to whom the process or discovery request is directed, shall (i) on or before the second business day after receipt thereof, give telephonic notice and written notice by hand, facsimile, or e-mail of such process or discovery request, together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request, consistently with Local Rules 37 and 45; and (iii) not make production or disclosure of such Confidential Material until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Material, so long as the order is not stayed prior to the date set for production or disclosure.

17.     Disposition Upon Conclusion

Within sixty (60) days after final termination of this Action, including all appeals, all Parties and experts, consultants and witnesses shall (i) return to the Producing Party or destroy all originals of material produced and designated as Confidential Material and all identical copies, whether in whole or in part, of such documents; and (ii) destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote materials produced and

designated as Confidential or Highly Confidential – Attorneys' Eyes Only, except that, with respect to word processing and database tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable.  Outside counsel for each Party shall be entitled to retain copies of any deposition transcripts and exhibits and any pleadings, motions, memoranda, or exhibits that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential or Highly Confidential – Attorneys' Eyes Only, provided that all such documents shall remain subject to this Order.  Counsel of record for the Parties shall certify in writing to each Producing Party that the foregoing has been complied with.

18.   Parties' Own Information

This Order shall not limit a Producing Party's use of its own Confidential Material.  Such disclosures shall not affect any designation of documents as Confidential or Highly Confidential – Attorneys' Eyes Only.

19.   Remedies

If Confidential Material is disclosed to or comes into the possession of any person other than in a manner authorized in this Order, the party responsible for the disclosure shall immediately (1) inform those persons of this Order; and (2) inform the person who designated the material as Confidential Material and the other Parties already subject to this Order that are in possession of such Confidential Material of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Confidential Material.

This Confidentiality Order will be enforced under United States law.  All other remedies available to any person injured by a violation of this Confidentiality Order are fully reserved.

///

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

20.   Notice

Notice under this Confidentiality Order shall be to the Parties as follows, unless this provision is modified by the Parties in writing and filed with this Court:

Notice to ICANN shall be made to:
Jeffrey A. LeVee, Esq.
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300

Notice to ZACR shall be made to:
David W. Kesselman, Esq.
KESSELMAN BRANTLY STOCKINGER LLP
1230 Rosecrans Ave., Suite 690
Manhattan Beach, CA 90266

Notice to Plaintiff shall be made to:
Ethan J. Brown, Esq.
BROWN NERI & SMITH LLP
11766 Wilshire Boulevard, Suite 1670
Los Angeles, CA 90025

21.   Jurisdiction

Unless prohibited by a statute, court order, or applicable rule, the parties may extend or modify deadlines under this Order by written stipulation amongst themselves or, where applicable, with third parties.

The Court retains jurisdiction to amend or modify this Order upon stipulation of the Parties to this Action, motion by a Party or non-party, or on its own motion.

22.   Right to Assert Other Objections

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

23.   <u>Right to Further Relief</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

24.   <u>Order to Remain in Force</u>

This Order shall survive and remain in full force and effect after termination of this Action.

**IT IS SO ORDERED.**

Dated:  July 19, 2016

By:   _____/s/_____
      Honorable Jacqueline Chooljian
      United States Magistrate Judge

///
///
///
///
///
///
///
///
///
///
///
///
///
///

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

## EXHIBIT A TO JOINT STIPULATED PROTECTIVE ORDER

I hereby affirm that:

Information, including documents and things, designated as "Confidential Material," as defined in the Stipulated Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Material disclosed to me pursuant to the Protective Order except as allowed under the Protective Order and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Material in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)

assigned duties in this matter, whereupon I shall:  (i) destroy or return to counsel who provided me with such all originals of documents and materials produced and designated as Confidential Material and all identical copies, whether in whole or in part, of such documents; and (ii) destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Material, except that, with respect to word processing and database tapes and disks, I shall destroy or erase such tapes or disks to the extent practicable.

_____
*Signature*

_____
*Name and Title*

ORDER RE JOINT STIPULATED PROTECTIVE
ORDER
CV16-00862-RGK(JCx)